PLEASANT L. PHILLIPS et al. *v.* JOHN McLAUGHLIN, Administrator, &c.

Where a father gives his child certain property, and after the death of the father, the child does not claim any distribution from the father's estate: — *Held,* that the child cannot be compelled to bring the property received from the father into hotchpot as an advancement.

In such a case, the right to claim partition and distribution is a matter of election by the party entitled to it.

If the party apply for distribution, he then becomes subject to the rule, that he must submit whatever he has received from his deceased father, by way of advancement, to be taken into consideration in dividing out all the property of the estate; but he may be satisfied with what he has already received, and not claim any further interest in the estate.

ON appeal from the probate court of Clarke county; Hon. Alexander McLendon, probate judge of Clarke county.

The facts of the case will be found in the opinion of the court.

*Glenn* for appellants.

1. It was error to decide a case without a shadow of proof against the sworn denials of plaintiffs in error.

2. It was error to overrule the defence of the statute of limitations. Plaintiffs in error had been in quiet adverse possession of these slaves over three years, and their title has now become absolute and perfect.

3. It was error to decree the increase of an advancement to be brought into distribution. To constitute an advancement, the title must have passed during life of deceased, and been received from himself. 4 How. 356; 6 Watts, 87.

*Potter* for appellee.

Mr. Justice HANDY delivered the opinion of the court.

The appellee, as administrator of Robert McLaughlin, de-

ceased, filed a petition in the probate court of Clarke county, against the appellants, as heirs and distributees of the deceased, alleging that the appellants had each received a considerable number of slaves, mentioned in a deed of gift exhibited, made by the deceased to the appellants, and an amount of other personal property from the deceased in his lifetime, by way of advancement; and that the appellants, Pleasant L. Phillips and Amanda S. Bennett, two children of the deceased, together with another brother and sister since deceased, were raised, supported, and educated by the intestate; by which they received from him, as an advancement, the sum of $2,874.33. He prays that the appellants be required to appear and account for the slaves and other personal property received by them respectively, and for the amount received by them for their education and support, in order that the administration might be closed, and a settlement and distribution made according to law.

The appellants offered their answer and demurrer to this petition, denying that the slaves mentioned in the petition were given to them by way of advancement, and stating that it was an absolute gift; and further, that they never came to the possession of the appellants, and denying that they received any property whatever from the deceased by way of advancement, or that they were charged any thing by the deceased for their support and education, and as an advancement. They demurred to the jurisdiction of the court, relying on the statute of limitations, and that the increase of the property alleged to have been given to appellants, cannot be brought into the estate as an advancement.

The court refused to receive the answer and demurrer, and took the petition as confessed; and without proof, decreed that the appellants, who are children of a deceased daughter of the intestate, were indebted severally to the estate in a large sum of money for property received by their mother from the intestate as an advancement, and for property received by them in the same way from the intestate, and also for the increase of that property since it was given, and for the full amount of the account alleged to be due for the support and education of the appellants and their brother and sister deceased; and that the

50 *

appellants account for the several sums of money so adjudged against them. From this decree, the appellants have taken this appeal.

It is unnecessary to consider any other question presented in this case than that which lies at its foundation, the right of an administrator to compel distributees to bring into hotchpot property received by them by way of advancement from the deceased. Such is the character of this proceeding; and it appears that no effort is made, either by the appellants or any other party entitled to distribution, to obtain their portions of the estate. It is too clear to admit of any controversy, that in such a case the property advanced cannot be brought into the general fund. The right to claim partition and distribution is a matter of election by the party entitled to it. If he choose to apply for distribution, he then becomes subject to the rule, that he must submit whatever he has received from the deceased, by way of advancement, to be taken into consideration in dividing out all the property of the estate. But he may be satisfied with what he has already received, and not claim any further interest in the estate. If so, he has a right to retain the property given him by the deceased, which became absolutely his property, so far as the deceased could give it to him, subject only to the condition that if he should claim his distributive share of the general estate, he should submit what he had already received into the general mass, and take his proper portion of the whole estate. Until he thinks proper to make such claim, the right and title of the deceased to the property is absolutely vested in him. This view of the subject is abundantly manifest from the provisions of the statute, Hutch. Dig. 623, 624, which contains the only condition annexed to the absolute title of a party receiving an advancement.

The decree is reversed, and the petition dismissed.

A petition for a reargument was filed by the counsel for the appellee in this case, but the court refused to grant it.